IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY-CHERESE ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-CV-00085-SRB |
| ) | |
| WELLS FARGO, N.A., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Before the Court is Defendant Wells Fargo, N.A.'s ("Wells Fargo") Motion to Dismiss. (Doc. #11.) For the reasons discussed below, the motion is GRANTED.

## I. BACKGROUND

This civil lawsuit arises from the Wells Fargo's foreclosure of a property owned by Plaintiff Kimberly-Cherese Robinson ("Plaintiff"). Briefly, the Court sets forth the relevant facts as taken from Plaintiff's complaint.

On December 19, 2013, Plaintiff purchased the property located at 111 Northwest Hackberry Street, Lee's Summit, Missouri 64064 ("the Property"), executing a deed of trust, promissory note, an allonge and Veteran's Association ("VA") policy allonge to the promissory note, and a planned unit development rider. The deed of trust lists The First National Bank of Layton ("FNBL") as grantee and McCaffree Short Title Company as trustee. The deed of trust listed Mortgage Electronic Registration System ("MERS") as FNBL's nominee and successor. The promissory note lists the lender as FNBL. The promissory note makes no mention of or reference to MERS, and requires payments be made to FNBL.

On December 14, 2018, an assignment of the deed of trust was recorded, listing the assignor as MERS and the assignee as Wells Fargo. On February 22, 2019, Wells Fargo initiated foreclosure on the Property. On April 17, 2019, Wells Fargo sold the Property to the Secretary of Veterans affairs for $1.00, executing a special warranty deed. On April 19, 2019, the special warranty deed was recorded.

On March 17, 2020, Plaintiff filed suit against Wells Fargo, among other Defendants, alleging that Wells Fargo unlawfully foreclosed the Property ("the Previous Action"). *See Lx-kelem-lum'a ex Rel Kimberly C Hose v. Wells Fargo, et al*, 4:20-CV-00205-FJG (W.D. Mo.). On December 27, 2022, Plaintiff's claims against Wells Fargo were dismissed for failure to state a claim.

On February 8, 2023, Plaintiff filed the instant *pro se* action against Wells Fargo ("the Instant Action"), alleging that Wells Fargo wrongfully foreclosed on the Property in violation of 18 U.S.C. § 1001 (false statements to a government agency), 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1344 (bank fraud), and the Fraud Enforcement and Recovery Act of 2009 ("FERA").

## II. LEGAL STANDARD

Rule 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir.

2015) (quoting *Iqbal*, 556 U.S. at 678). When considering a motion to dismiss, "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable." *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (citations and quotation marks omitted).

## III. DISCUSSION

Wells Fargo argues that (1) Plaintiff's complaint should be dismissed due to res judicata; and (2) Plaintiff's complaint fails as a matter of law because Wells Fargo was entitled to foreclose on the Property. Plaintiff opposes the motion.

### A. Res Judicata

"Res judicata, also known as claim preclusion, bars the reassertion of a claim or cause of action that has been previously adjudicated in a proceeding between the same parties[.]" *Boehlein v. Crawford*, 605 S.W.3d 135, 139 (Mo. App. E.D. 2020). "Res judicata applies when four identifies are present: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; (4) and identity of the quality of the person for or against whom the claim is made." *Roy v. MBW Construction Inc.*, 489 S.W.3d 299, 304 (Mo. App. W.D.) (citation omitted). "Res judicata applies to 'every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time." *Id.* (quoting *King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. banc 1991)).

Although Plaintiff filed an opposition brief, she does not address Wells Fargo's argument. The Court agrees with Wells Fargo. Upon review of the complaints of the Previous Action and Instant Action, all four identities of res judicata are satisfied. The "thing sued for" in both actions are monetary damages based on the foreclosure of the Property. "Identity of the

3

cause of action" exists in that Plaintiff seeks remedy for the allegedly improper foreclosure sale of the Property. In the Instant Action, Plaintiff alleges Wells Fargo wrongfully foreclosed on the Property because the promissory note was split from the deed of trust. In the Previous Action, Plaintiff alleged Wells Fargo wrongfully foreclosed on the Property because she had paid the balance owed to Wells Fargo, among other things. Although not identical, identity of the cause of action exists because Plaintiff's claims asserted in the Instant Action could have been brought in the Previous Action. *See Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 319 (Mo. banc 2002) ("To determine whether a claim is barred by a former judgment, the question is whether the claim arises out of the same act, contract, or transaction.") (citation and internal quotations omitted).

"Identity of the parties" exists because Plaintiff sued Wells Fargo in both actions. "Identity of the quality of the person for or against whom the claim is made" is satisfied because Wells Fargo was sued in both cases. Finally, res judicata applies because the Previous Action was resolved through a final judgment–Plaintiff's claims were dismissed. *See United States Fidelity & Guar. Co. v. Commercial Union Ins. Co.*, 943 S.W.2d 640, 642 (Mo. banc 1997) ("The granting of a motion to dismiss for failure to state a claim is a final judgment on the merits sufficient to raise the defense of res judicata in a later proceeding.").[1]

### B. Whether Plaintiff's Complaint Fails as a Matter of Law

Even if res judicata did not apply, the Court finds that Plaintiff's claims fail as a matter of law. "Generally, a mortgage loan consists of a promissory note and security instrument, usually a mortgage or a deed of trust, which secured payment on the note by giving the lender the ability to foreclose on the property." *Bellistri v. Ocwen Loan Servicing, LLC*, 284 S.E.3d 619

---

[1] As the Court agrees with Wells Fargo that res judicata applies, the Court need not address the parties' arguments regarding collateral estoppel.

(Mo. App. E.D. 2009). "When the holder of the promissory note assigns or transfers the note, the deed of trust is also transferred." *Id.* "Under Missouri law, because the note and deed of trust are inseparable, the holder of a note is entitled to enforce the deed of trust securing that note." *Fed. Nat'l Mortg. Ass'n v. Conover*, 428 S.W.3d 661, 669 (Mo. App. W.D. 2014).

Here, Plaintiff attached as exhibits to her complaint various records of the promissory note and deed of trust. *See Owen v. Gen. Motors Corp.*, 533 F.3d 913, 918 (8th Cir. 2008) (holding that a court may consider documents attached to the complaint in a motion to dismiss). The promissory note was issued by FNBL. The allonge to the promissory note, attached to Plaintiff's complaint, shows that the promissory note was transferred to Wells Fargo. (Doc. #1-2, p. 27); *see also* Mo. Rev. Stat. § 400.3-203.

Plaintiff's claims are based on the premise that Wells Fargo was not the holder of the promissory note. However, Plaintiff has presented evidence showing that that Wells Fargo did hold the note. The Court agrees with Wells Fargo that "Plaintiff's Complaint fails to state a claim for which relief can be granted because her own exhibits show that her promissory note was endorsed in favor of Wells Fargo and, therefore, demonstrate that Wells Fargo had the authority to foreclose on the Property." (Doc. #13, pp. 14–15.)

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendant Wells Fargo's Motion to Dismiss (Doc. #11) is **GRANTED**. It is **FURTHER ORDERED** that Plaintiff's Motion for Discovery (Doc. #15) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: <u>April 7, 2023</u>

5

Case 4:23-cv-00085-SRB   Document 18   Filed 04/07/23   Page 5 of 5